**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1280
_____

ANTHONY L. WARE,
                              Appellant

v.

TRANSPORT DRIVERS INC.;
TDI NATIONWIDE AND AFFILIATED COMPANIES
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-12-cv-00830)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Ware, proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing his employment discrimination complaint against Transport Drivers, Inc. and TDI Nationwide and Affiliated Companies. For the reasons that follow, we will affirm.

Ware alleged in his complaint that he worked as a delivery driver for Transport Drivers and that the company unlawfully terminated him. Ware averred that Transport Drivers obtained information from the Delaware Division of Motor Vehicles that he was uninsured, that he did not authorize the disclosure of his driving records, that he was insured, and that he provided Transport Drivers a letter from an insurance company. Ware, who is African American, claimed that Transport Drivers discriminated against him in order to create a position for a white employee, denied him due process, and committed fraud. He also sought to recover unpaid wages. Ware stated that he sought relief under various statutes, including Title VII of the Civil Rights Act of 1964, the Federal Motor Carrier Safety Act, the Delaware Uniform Commercial Driver's License Act, and the Whistleblower Act.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants asserted that the complaint was based on some statutes that do not afford a private right of action and that it failed to state a claim under any other legal theory. In opposing the motion, Ware stated that his claims arose out of a dispute with a dispatcher when he refused a job assignment and Transport Driver's discovery shortly thereafter that his commercial driver's license had been suspended.

Ware stated that another employee whose license was revoked was not terminated. The District Court agreed with the defendants that certain statutes referred to by Ware did not provide for a private cause of action and that his other claims were factually deficient. The District Court granted the motion to dismiss and allowed Ware to amend his complaint.

Ware filed an amended complaint, which was the same as his original complaint except that he added a new count claiming constitutional violations under 42 U.S.C. § 1983. He also attached exhibits to the complaint. The defendants filed another Rule 12(b)(6) motion asserting that the amended complaint must be dismissed pursuant to the court's prior order and because it fails to state a claim for relief. The District Court granted the motion and ruled that further amendment would be futile. The District Court also denied Ware's motion for reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

We find no error in the District Court's decision. Ware avers that he seeks relief under various statutes, but to the extent these statutes allow a private cause of action, his allegations are insufficient to state a plausible claim for relief. See Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Ware also does not state a claim under § 1983 because he

3

does not allege that the defendants are state actors. Benn v. Universal Health System, Inc., 371 F.3d 165, 169 (3d Cir. 2004).

We also agree with the District Court that Ware fails to state a claim under Title VII. Ware's amended complaint contains only conclusory allegations of discrimination and retaliation. As recognized by the District Court, Ware stated in his response to the motion to dismiss his amended complaint that other drivers, who were both white and black, refused the same job that he did and they were not fired. These statements, if included in the amended complaint, support the conclusion that Ware's termination was not motivated by race. Although Ware also states that one employee of foreign descent whose license was revoked remained employed for two years after Transport Drivers discovered the revocation, this allegation is insufficient to state a plausible discrimination claim. See Iqbal, 556 U.S. at 678 (plausibility requirement requires more than a sheer possibility that a defendant has acted unlawfully).

The District Court also did not err in denying Ware's motion for reconsideration. Ware reiterated in his motion an allegation in his amended complaint that he successfully appealed the denial of state unemployment benefits. The District Court noted that it had considered that decision in making its earlier ruling. Ware did not show that reconsideration of the dismissal was warranted.

Finally, to the extent Ware asserts in his brief that the District Judge should have recused herself because counsel for the defendants had appeared before her in other matters and they had developed a friendship, Ware did not seek the District Judge's

4

recusal in District Court and he has not alleged facts suggesting that her impartiality might reasonably be questioned under 28 U.S.C. § 455(a).

Accordingly, we will affirm the judgment of the District Court.